IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARSHALL MALL INVESTORS LP | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-cv-00109 |
| | § | |
| ALLIED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
|    *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Marshall Mall Investors LP v. Allied Property and Casualty Insurance Company*; Cause No. 21-0209; In the 71st Judicial District of Harrison County, Texas.

## I.
## BACKGROUND

Plaintiff Marshall Mall Investors LP (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 21-0209; In the 71st Judicial District of Harrison County, Texas on March 9, 2021 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

1. Defendant appeared and answered on March 31, 2021, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

2. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt. Pursuant to

Eastern District of Texas Local Rule 81(c)(2), a certified copy of the State Court Action docket sheet is attached as **Exhibit C.**

3. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 71st Judicial District Court of Harrison County, Texas.

4. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

    A.    **Diversity of Parties**

        i.    **Plaintiff Marshall Mall Investors, LP**

6. Plaintiff is a Texas limited partnership doing business in Harrison County, Texas. *See* **Exhibit A**, ¶ 2. A diligent search of publicly available information on the partners of Marshall Mall Investors, LP has been conducted and based upon the publicly available information, the sole general partner is Marshall Mall, LLC.[1] No other general or limited partners of Marshall Mall Investors, LP were discovered through a diligent search and review of publicly available records.

---

[1] The Certificate of Formation of Limited Partnership filed by Marshall Mall Investors, LP with the Texas Secretary of State on November 12, 1996 lists only Marshall Mall, LLC as the general partner.

7.     Marshall Mall, LLC is a Texas limited liability company that has its principal place of business in Texas. A diligent search of publicly available information on the members of Marshall Mall, LLC has been conducted, and based upon the publicly available information, the following members of Marshall Mall, LLC were identified: Kelley A. Bergstrom and Jerry Tate.[2] No other members of Marshall Mall, LLC were discovered through a diligent search and review of publicly available records.

8.     After a diligent search of publicly available information, and upon information and belief, Kelley A. Bergstrom is an individual domiciled in Monroe County, Florida and is thus a citizen of the State of Florida. Pursuant to Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Kelley A. Bergstrom is a citizen of the State of Florida.

9.     After a diligent search of publicly available information, and upon information and belief, Jerry Tate is an individual domiciled in Williamson County, Texas and is thus a citizen of the State of Texas. Pursuant to Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Jerry Tate is a citizen of the State of Texas.

10.    Accordingly, pursuant to § 1332(c)(1), therefore, Marshall Mall, LLC is a citizen of the States of Texas and Florida, and thus, Marshall Mall Investors, LP is a citizen of the States of Texas and Florida.

### ii.    Defendant Allied Property and Casualty Insurance Company

11.    Allied Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of the State of Ohio.

---

[2] Texas Franchise Tax Public Information Report for the 2019 report year that was Marshall Mall, LLC with the Texas Secretary of State lists Kelley Bergstrom and Jerry Tate as members.

12. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

B. **Amount in Controversy**

13. It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[3] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[4] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[5]

14. Here, Plaintiff seeks "monetary relief over $1,000,000." Exhibit A, Plaintiff's Original Petition, at ¶ 4. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition  Further, Plaintiff's counsel sent a demand letter to Allied dated July 9, 2020 claiming $5,586,046.86 in actual damages, treble damages, and attorneys' fees.

15. Plaintiff further seeks compensation for (a) actual damages; (b) exemplary and/or treble damages; (c) attorney's fees; and (d) pre- and post-judgment interest.[6] Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541.  See **Exhibit A,** ¶56; Tex. Ins. Code sections 541.002 &

---

[3] 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[4] *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[5] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[6] *Id.* at § N. Prayer.

4

541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[7]

16. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

17. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

18. WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Ethan D. Carlyle
Texas Bar No. 24031794
ecarlyle@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

---

[7] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and certified mail on this the 31st day of March, 2021 to:

| | |
|---|---|
| Preston J. Dugas, III<br>Brittany Siscoe<br>Preston Dugas Law Firm PLLC<br>1701 River Run, Suite 703<br>Ft. Worth, Texas 76107<br>preston@pjdlawfirm.com<br>brittany@pjdlawfirm.com | ***#9414 7266 9904 2178 2232 55*** |
| Vincent P. Circelli<br>Kelli L. Walter<br>Circelli & Walter PLLC<br>Tindall Square Warehouse<br>500 E. 4th St., Suite 250<br>Ft. Worth, Texas 76102<br>vcircelli@circelliwalterlaw.com<br>kwalter@circelliwalterlaw.com | ***#9414 7266 9904 2178 2232 62*** |

*/s/ Patrick M. Kemp*
Patrick M. Kemp